**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CRAIG W. BRUNO,

        Appellant,

       v.

UNITED STATES POSTAL SERVICE,

        Agency.

DOCKET NUMBER
CH-0752-06-0064-X-1

DATE: September 3, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robin Cochran</u>, Esquire, Greeley, Colorado, for the appellant.

<u>Nathan R. Mellman</u>, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The administrative judge issued a recommended decision that the Board find, under the Board's regulations in effect at that time, the agency in noncompliance with two settlement agreements entered into the record for enforcement purposes, and the matter was referred to the Board for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

consideration.[2]  *See* 5 C.F.R. § 1201.183 (Jan. 1, 2012).  For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

¶2        On September 30, 2005, the agency demoted the appellant from the position of Postmaster to the part-time, flexible position of Mail Processing Clerk.  *See* MSPB Docket No. CH-0752-06-0064-X-1, Compliance Referral File (CRF), Tab 1 at 1.  The appellant appealed, and the parties settled the matter on May 24, 2006.  *See id.*  The settlement agreement provided, in pertinent part, that the agency would provide the appellant at least 33 hours of work per week, and pay him accordingly.  *See id.* at 3; MSPB Docket No. CH-0752-06-0064-C-1, Compliance File 1, Tab 1 at 6.  The administrative judge entered the settlement agreement into the record for enforcement purposes and dismissed the appeal. *See* CRF, Tab 1 at 1-2.

¶3        On August 29, 2006, the appellant filed a petition for enforcement, contending that the agency failed to assign him work and pay him as agreed.  *See id.* at 1, 3.  On March 16, 2007, the parties entered into a second settlement agreement that clarified the agency's obligation to pay the appellant for 33 hours of work per week, established in the first agreement.  *See id.* at 1-2.  The administrative judge entered the settlement agreement into the record for enforcement purposes and dismissed the petition for enforcement.  *See id.* at 2.

¶4        On March 5, 2012, the appellant filed a second petition for enforcement, alleging that the agency had breached both settlement agreements by failing to pay him for at least 33 hours per week.  The administrative judge issued a recommendation finding the agency in material breach and granting the petition

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012.  We note, however, that the petition for enforcement in this case was filed before that date.  The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

for enforcement. *Id.* at 7. The administrative judge ordered the agency to pay the appellant the difference between what he was paid and the 33 hours per week he was owed, beginning January 1, 2012. *Id.*

¶5 A settlement agreement is a contract, and the appellant, as the nonbreaching party, bears the burden to prove "material noncompliance" with a term of the contract. *Lutz v. U.S. Postal Services*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). The agency must produce relevant and material evidence of its compliance with the agreement. *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, 634 (2008).

¶6 On July 9 and 10, 2012, the agency submitted evidence showing that it was in the process of complying with the recommendation. CRF, Tabs 3 and 4. Thereafter, the appellant stated that he was working with the agency to resolve the pay issues and anticipated that the agency would reach full compliance shortly. CRF, Tab 5 at 2. The appellant also submitted a motion for attorney fees, which he subsequently withdrew because the Board had not yet issued a final order. CRF, Tab 5 at 2, Tab 7 at 1-2. On July 31, 2014, the appellant submitted a statement confirming that the agency was in full compliance with the recommendation. CRF, Tab 13 at 1. He sought leave to file a motion for attorney fees. *Id.* at 2.

¶7 Because the appellant is satisfied, we find the agency in compliance and dismiss the petition for enforcement. The appellant may file his attorney fee request with the appropriate regional office, pursuant to 5 C.F.R. § 1201.203.

¶8 This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.